**HAHN & HESSEN LLP**
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400
Joshua I. Divack
Zachary G. Newman
Jacob T. Schwartz
Jose A. Fernandez

*Attorneys for DB 232 Seigel LLC & DB 232 Seigel Mezz LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>232 SEIGEL DEVELOPMENT LLC<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-22844 (RDD) |

**NOTICE OF HEARING ON OBJECTION
OF DB 232 SEIGEL LLC AND DB 232 SEIGEL MEZZ LLC
TO SUBCHAPTER V DEBTOR ELECTION UNDER 11 U.S.C. § 1182(1)**

     **PLEASE TAKE NOTICE** that on August 28, 2020, DB 232 Seigel LLC and DB 232 Seigel Mezz LLC ("*DB 232*") filed their *Objection of DB 232 Seigel LLC and DB 232 Seigel Mezz LLC to Subchapter V Debtor Election Under 11 U.S.C. § 1182(1)* (the "*Objection*").

     **PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543 dated March 20, 2020, a telephonic hearing on the Objection (the "*Hearing*") has been scheduled for **October 9, 2020 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "*Bankruptcy Court*").

     **PLEASE TAKE FURTHER NOTICE** that any party wishing to appear at the Hearing must make arrangements with Court Solutions LLC at www.court-solutions.com and comply the instructions at the following address concerning telephonic appearances: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains. Registration for the Hearing must be completed by no later than 12:00 p.m. (Prevailing Eastern Time) one business day prior to the Hearing.

     **PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection (a "*Response*") shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the

name of the responding party, the basis for the Response and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which may be found at: www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system, and shall be served upon counsel for DB 232, Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Joshua I. Divack, Esq., jdivack@hahnhessen.com, and Jacob T. Schwartz, Esq., jschwartz2@hahnhessen.com) **so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on October 6, 2020** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that parties filing a Response are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 28, 2020
New York, New York

By: /s/ Joshua I. Divack
**HAHN & HESSEN LLP**
Joshua I. Divack, Esq.
Zachary G. Newman, Esq.
Jacob T. Schwartz, Esq.
Jose A. Fernandez, Esq.
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400

*Counsel for DB 232*

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400
Joshua I. Divack
Zachary G. Newman
Jacob T. Schwartz
Jose A. Fernandez

*Attorneys for DB 232 Seigel LLC & DB 232 Seigel Mezz LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>232 SEIGEL DEVELOPMENT LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 20-22844 (RDD) |

**OBEJCTION OF DB 232 SEIGEL LLC AND DB 232 SEIGEL MEZZ LLC TO SUBCHAPTER V DEBTOR ELECTION UNDER 11 U.S.C. § 1182(1)**

DB 232 Seigel LLC and DB 232 Seigel Mezz LLC (collectively, "*DB 232*"), by and through its undersigned counsel, hereby files this objection (the "*Objection*") to 232 Seigel Development LLC's ("*Development's*") election as a "debtor" under Subchapter V of chapter 11 of the United States Code (the "*Bankruptcy Code*") as defined in Bankruptcy Code § 1182(1). In support of the Objection, DB 232 respectfully states as follows:

## BACKGROUND

**A. Pre-Bankruptcy Loans, Default, and UCC Sale**

1. Prior to this bankruptcy filing, Development and its affiliate, 232 Seigel Acquisition LCC ("*Acquisition*", and together with Development, the "*Debtors*"),[1] entered into

---

[1] Acquisition has also filed a petition for relief under chapter 11 of the Bankruptcy Code, Case No. 20-22845. Acquisition's and the Debtor's bankruptcy cases have not been jointly administered at this time.

various secured lending transactions with DB 232 in the aggregate amount of $8,250,000.00 (the "*Loans*"). The Loans are secured by, among other things, Acquisition's real property located at 232-244 Seigel Street, Brooklyn, New York (the "*Property*"), and Development's sole, 100% equity ownership interest in Acquisition (the "*Senior Borrower Equity Interest*").

2. On January 1, 2020 (the "*Maturity Date*"), the Loans matured and became fully due and payable. The Debtors failed to make any payments due under the Loans by the Maturity Date, which actions constituted an Event of Default under the Loans' respective loan agreements (the "*Maturity Payment Defaults*").

3. As a consequence of, and in response to, the Debtors' Maturity Payment Defaults, on March 3, 2020, DB 232 informed the Debtors that it would be pursuing the foreclosure and public sale of the Senior Borrower Security Interest pursuant to the applicable loan documents and section 9-610 of Article 9 of the Uniform Commercial Code enacted in the State of New York (the "*UCC Article 9 Sale*"). The UCC Article 9 Sale was publicly marketed by Newmark & Company Real Estate Inc., and initially scheduled to occur on April 7, 2020 at 11:00 a.m. (Eastern Time). After various adjournments, DB 232 informed the Debtors that it would be moving forward with the UCC Article 9 Sale telephonically on July 14, 2020, at approximately 10:30 a.m. (Eastern Time).

**B. Bankruptcy Filings**

4. On July 14, 2020 (the "*Petition Date*"), minutes prior to the commencement of the UCC Article 9 Sale, the Debtors each filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "*Court*"). In its Voluntary Petition for Relief, Development elected to file under Subchapter V of chapter 11, and elected to define itself as a Subchapter V "debtor" pursuant

to Bankruptcy Code § 1182(1). *See* Development Petition, ECF No. 1 at Part 8. Acquisition did not seek relief under Subchapter V, and instead elected to define itself as a debtor engaged in the business of owning Single Asset Real Estate as defined in Bankruptcy Code § 101(51B).

5. On July 15, 2020, Development filed its Schedules of Assets and Liabilities, Schedules A/B, D, E/F, and Summary of Assets and Liabilities [ECF No. 3] (the "*Schedules*"). In its Schedules, Development described itself as having $3,000,000 in outstanding secured liabilities and $1,836,408.27 in unsecured liabilities, totaling $4,836,408.27 in outstanding debts. *See* Development Schedules, Summary of Assets and Liabilities.

6. Attached to its Voluntary Petition for Relief, Acquisition filed its Schedules of Assets and Liabilities, Schedules A/B, D, E/F, and Summary of Assets and Liabilities. In its Summary of Assets and Liabilities, Acquisition described itself as having, among other things, $5,250,000 in outstanding secured debts and $1,836,408.27 in unsecured debts, totaling $7,112,316.65 in outstanding obligations.[2]

7. On July 28, 2020, Development and Acquisition each filed an *Application for Order Extending the Debtor's Time to File Schedules and Statement of Financial Affairs* [ECF Nos. 9 & 12, respectively] (the "*Motions to Extend*"). Notably, in its Motion to Extend, Acquisition states "[t]he Debtor is affiliated with 232 Seigel Development LLC… which owns membership interests in the Debtor." Acquisition Motion to Extend at ¶ 2. Development's Motion to Extend states that Development "is the parent company of [Acquisition]." Development Motion to Extend at ¶ 2.

---

[2] Notwithstanding $25,908.38 in outstanding priority claims owed to the NYC Department of Finance, Acquisition's unsecured debts listed in its Schedules are identical to those described in Development's Schedules.

8. On August 14, 2020, the Debtors each filed their Schedules G and H, along with their Statements of Financial Affairs [ECF Nos. 14, 17, respectively] (the "*SOFAs*"). In its Schedule H, Development listed Acquisition as a co-debtor liable for all of the general unsecured trade and operating liabilities listed on its Schedule E/F. *See* Development Schedule H [ECF No. 17].

## OBJECTION

9. Development does not qualify as a "debtor" under Bankruptcy Code § 1182(1) and therefore is not entitled to relief under Subchapter V. As such, DB 232 requests that this Court declare Development's Subchapter V "debtor" election a nullity and require Development to pursue its reorganization under the ordinary chapter 11 provisions of the Bankruptcy Code.

10. Bankruptcy Code § 1182 defines "debtor" as "*subject to paragraph (B)*, [] a person engaged in commercial or business activities… that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing or the date of the order for relief in the an amount not more than $7,500,000." 11 U.S.C. § 1182(1)(A) (emphasis added). Subparagraph (B) provides that a Subchapter V "debtor" does not include "any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000." *See* 11 U.S.C. § 1182(1)(B).

11. Development is unquestionably a "member of a group of affiliated debtors." By its own admission in its Motion to Extend, Acquisition states that it is "affiliated with" Development through common ownership. *See* Acquisition Motion to Extend at ¶ 2. Development also concedes that it is "the parent company of [Acquisition]" and describes itself as being co-liable with Acquisition for its general unsecured obligations. *See*

Development Motion to Extend at ¶ 2; Development Schedule H. Further, as the Bankruptcy Code defines "affiliate" as an "entity that directly or indirectly owns… 20 percent or more of the outstanding voting securities of the debtor", Development and Acquisition are unquestionably affiliates of one another. As such, their *collective and aggregated secured and unsecured debts* must be considered when analyzing whether Development itself is eligible for relief under Subchapter V.

12. When aggregating the secured and unsecured obligations of both entities, it becomes clear that Development is not entitled to relief under Subchapter V because Development is a member of a group of affiliated debtor entities whose collective debts exceed the $7,500,000 threshold. Without even addressing outstanding unsecured obligations, the Debtors concede in their Schedules collective secured debts owed to DB 232 in the amount of $8,250,000.[3] These secured obligations alone exceed the total debt threshold imposed by section 1182 and thus prevent a filing under Subchapter V.

13. Given Subchapter V's recent enactment in 2019, there is limited case law interpreting its provisions. Courts have interpreted, however, the substantially similar definition of "small business debtor" under Bankruptcy Code § 101(51D), and have concluded that affiliated debtors' aggregated, outstanding secured and unsecured obligations is the appropriate benchmark when determining each respective debtor's "small business" status. *See, e.g.*, *In re CCT Communs., Inc.*, 420 B.R. 160, 172 (Bankr. S.D.N.Y. 2009) ("affiliated debtors aggregate their non-insider, non-affiliate liquidated non-contingent debts. If the aggregated amount exceeds $ 2 million, neither debtor is considered a small business debtor

---

[3] The Schedules merely reference the principal amounts owed to DB 232 under the Loans, and do not include the substantial default interest and penalties that have accrued following the Debtors' payment defaults.

even though each debtor might be if treated separately.")

## CONCLUSION

14. When aggregating Development's and Acquisition's collective secured and unsecured debts as required by the Bankruptcy Code, it becomes clear that Development is not entitled to seek relief under Subchapter V. As such, DB 232 requests that this Court declare Development's election as a Subchapter V "debtor" unenforceable and require Development to proceed under the ordinary provisions of chapter 11.

Dated:    August 28, 2020
             New York, New York

By:   /s/ Joshua I. Divack
**HAHN & HESSEN LLP**
Joshua I. Divack, Esq.
Zachary G. Newman, Esq.
Jacob T. Schwartz, Esq.
Jose A. Fernandez, Esq.
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400

*Counsel for DB 232*