UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 232 SEIGEL DEVELOPMENT LLC, *et al.*, | Case No. 20-22844 (RDD) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

## ORDER CONDITIONALLY DENYING MOTION TO DISMISS

Upon the *Motion of DB 232 Seigel LLC and DB 232 Seigel Mezz LLC for an Order Dismissing Chapter 11 Case of 232 Seigel Development LLC* [ECF 104-05] (the "Motion"),[1] of DB 232 Seigel LLC ("Senior Lender") and DB 232 Seigel Mezz LLC ("Mezz Lender", and together with Senior Lender, the "Lenders"), for an order, pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), dismissing the chapter 11 case of 232 Seigel Development LLC (the "Debtor"); and the Debtor having opposed the relief requested in the Motion on July 2, 2021 [ECF 112] (the "Objection"); and the Lenders having responded to the Debtors' Objection on July 6, 2021 [ECF 113] (the "Reply"); and due and proper notice of the Motion, the Objection, and the Reply having been made on all necessary parties; and the Court having held a hearing on the Motion on July 9, 2021 (the "Hearing"); and, after due deliberation and for the reasons and on the conditions stated by the Court in its bench ruling at the Hearing, good and sufficient cause appearing, it is hereby

**ORDERED** that the Motion is conditionally denied as set forth herein; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED**, that the Motion is conditionally denied subject to and in contemplation of the Debtors performing the following actions by the dates described herein and by the Court at the Hearing (collectively, the "Milestones"):

    i.    On or before **July 16, 2021**, the Debtor shall file a second amended joint plan of reorganization (the "Plan") and accompanying second amended disclosure statement (the "Disclosure Statement"), which shall, among other things, provide for its effectuation pursuant to either (A) the post-confirmation sale of the Property or (B) the consummation of the "Recapitalization Option" (as generally described in the Debtor's amended plan and amended disclosure statement filed on July 8, 2021 as ECF Nos. 116 and 177 respectively, as such may be modified by the Plan and the Disclosure Statement);

    ii.    On or before **August 31, 2021** (subject to the Court's calendar), the Debtor shall obtain the Court's approval of the Disclosure Statement;

    iii.    On or before **September 30, 2021** (subject to the Court's Calendar), the Debtor shall obtain the Court's confirmation of the Plan;

    iv.    On or before **October 27, 2021**, the Debtor and the other debtor herein (together, the "Debtors") shall conduct and conclude an auction (the "Auction") for the sale of the Property, unless prior thereto the Debtors shall have filed with the Court a notice stating their election to proceed with the "Recapitalization Option" subject to the prior confirmation of the Plan providing therefor; and

    v.    On or before **November 28, 2021**, the Debtors shall consummate either (A) the sale of the Property to the highest and best bidder at the Auction (as such purchaser may be determined by the Debtor on consultation with the Lenders, or as otherwise determined by the Court), or (B) the Recapitalization Option; and it is further

**ORDERED** that in the event and on the conditions that (i) any of the Milestones set forth in this Order are not timely met and (ii) the Lenders have filed a declaration of counsel certifying the foregoing, with a copy emailed to chambers and counsel for the Debtors along with a copy of this Order and the proposed order substantially in the form attached hereto as **Exhibit A**, the Court will grant the Motion and dismiss the Debtor's chapter 11 case without further notice or a hearing; and it is further

**ORDERED** that the Milestones shall not be subject to extension absent written consent of the Lenders or by order of the Court after notice and a hearing; and it is further

**ORDERED** that this Order shall constitute an "order of the Court" for purposes of sections 1112(b)(4)(E) and (J) of the Bankruptcy Code.


Dated: White Plains, New York
       July 14, 2021

                                        */s/Robert D. Drain*
                                        UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT A</u>**

# **PROPOSED DISMISSAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 232 SEIGEL DEVELOPMENT LLC, *et al.*, | Case No. 20-22844 (RDD) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

### ORDER GRANTING MOTION TO DISMISS UPON BREACH OF CONDITIONAL ORDER

Upon the *Motion of DB 232 Seigel LLC and DB 232 Seigel Mezz LLC for an Order Dismissing Chapter 11 Case of 232 Seigel Development LLC* [ECF 104-05] (the "Motion"),[2] of DB 232 Seigel LLC ("Senior Lender") and DB 232 Seigel Mezz LLC ("Mezz Lender", and together with Senior Lender, the "Lenders"), for an order, pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), dismissing the chapter 11 case of 232 Seigel Development LLC (the "Debtor"); and

Upon (i) the record of the Court's July 9, 2021 hearing of the Motion, (ii) the Court's *Order Conditionally Denying Motion to Dismiss* dated [•] (ECF [•]) (the "Conditional Order"), and (iii) the certification of the Lenders' counsel, dated [•] (ECF [•]) filed and emailed to chambers and counsel for the Debtor along with a copy of the Conditional Order and the proposed form of this Order in accordance with the Conditional Order; and good and sufficient cause pursuant to sections 112(b)(4)(E) and (J) of the Bankruptcy Code therefore having been established for the dismissal of the above-captioned case, *In re: 232 Seigel Development LLC*, Case No. 20-22844 (RDD) (the "Case"); it is hereby

---
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

5

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Case is hereby dismissed; and it is further

**ORDERED** that within 10 days of the date of this Order, the Debtor shall pay the Office of the United States Trustee all quarterly fees due under 28 U.S.C. § 1930 and any applicable interest due under 31 U.S.C. § 3717, and simultaneously file an affidavit indicating the cash disbursements, if any, for the relevant period.

Dated:  White Plains, New York
        July 14, 2021

_____
UNITED STATES BANKRUPTCY JUDGE