UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :
                                                    :         Chapter 7
232 SEIGEL DEVELOPMENT LLC, *et al.*,               :  Case No. 20-22844(RDD)
                                                    :
                Debtors.[1]                         :
------------------------------------------------------------x

### ORDER AUTHORIZING THE SALE OF THE DEBTORS' REAL PROPERTY LOCATED AT 232 SEIGEL AVENUE, BROOKLYN, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO § 363(b) AND (f) OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

Upon the motion, dated November 29, 2021 (the "Motion") of Howard P. Magaliff, the chapter 7 interim trustee (the "Trustee") of the jointly administered estates of 232 Seigel Development LLC ("Development") and 232 Seigel Acquisition LLC ("Acquisition" and together with Development, the "Debtors"), by his attorneys Rich Michaelson Magaliff, LLP, for an order pursuant to section 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtors' interests in the real property located at 232 Seigel Street, Brooklyn, NY (the "Property") free and clear of liens, claims, and interests therein and thereon; and due and sufficient notice of the Motion having been given in accordance with this Court's Order (the "Sale Procedures Order") dated November 19, 2021 [doc. 174] (i) approving the terms and conditions (the "Terms and Conditions of Sale") and bidding procedures (the "Bidding Procedures") for the sale of the Property, (ii) scheduling a public auction sale (the "Auction Sale"), and (iii) scheduling a hearing to consider the Trustee's Motion; and upon the Report of Sale of MYC & Associates, Inc. filed on

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 232 Seigel Development LLC (0108) and 232 Seigel Acquisition LLC (9782).

{00040160v1 }

March 2, 2022 [doc. 192] and the Moneypenny Declaration; and the Auction Sale having been conducted on February 24, 2022; and Abraham Leifer having been named the Successful Bidder and DB 232 Seigel LLC having named the Second Highest Bidder at the conclusion of the Auction Sale; and a hearing (the "Sale Hearing") having been held on March 7, 2022, at which the Court considered the arguments of all counsel and interested parties wishing to be heard who appeared at the Sale Hearing, and the testimony the Successful Bidder; and there being no objections to the Motion; and after due deliberation the Court having found and concluded that the sale of the Property at this time is in the best interests of the Debtors' estates and creditors, as well as other parties in interest and is supported by good business reasons; and no adverse interest appearing, and good and sufficient cause existing for the relief granted herein, the Court hereby **FINDS** and **CONCLUDES** that:

        A.      Notice of the Auction Sale and the Sale Hearing was due, adequate and sufficient, and all parties in interest were given the opportunity to object to the proposed sale and be heard.

        B.      The Property was adequately marketed.

        C.      The conduct of the Auction Sale was appropriate and there was no collusive bidding.

        D.      Abraham Leifer, with a bid of $10,514,327, is confirmed as the Successful Bidder with the highest and best offer for the Property.

        E.      DB 232 Seigel LLC, with a bid of $10,464,327, is confirmed as the Second Highest Bidder.

        F.      Closing with either the Successful Bidder or the Second Highest Bidder provides fair and reasonable consideration to the Debtors' estates.

   G. The Trustee has demonstrated sound and prudent business judgment in deciding to sell the Property and approving the Successful Bidder and the Second Highest Bidder. The proposed sale of the Property is in the best interests of the Debtors' estates and creditors.

   H. Sale of the Property free and clear of liens, claims, and interests pursuant to section 363(f) of the Bankruptcy Code is appropriate because the Trustee has satisfied one or more of the requirements of section 363(f) of the Bankruptcy Code.

   I. The Auction Sale was fair and reasonable, and at arms' length and in good faith as that term is used at section 363(m) of the Bankruptcy Code. The Trustee, the Successful Bidder and the Second Highest Bidder have acted in good faith and the purchase of the Property by the Successful Bidder or the Second Highest Bidder is deemed upon the closing of such sale to be in good faith.

   J. Waiver of the 14-day stay of this Order under Bankruptcy Rule 6004(h) is supported by good and sufficient cause shown by the Trustee.

   K. No objections to the Motion and sale of the Property were raised, filed or interposed.

   L. The use of the sale proceeds as set forth herein is warranted under applicable law and, where applicable, the Court's prior orders.

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

   1. The Motion is granted as set forth herein.

   2. Pursuant to 11 U.S.C. § 363(b) and (f), the Trustee is authorized to sell the Property to the Successful Bidder or his designee or, if the Successful Bidder fails to close, to the Second Highest Bidder or its designee, free and clear of all liens, claims, interests, and encumbrances therein or thereon of entities other than the Debtors' estates of whatever kind or nature,

3

with such liens, claims, interests, and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale.

3. The Successful Bidder, or, if the Successful Bidder fails to close the Auction Sale, the Second Highest Bidder, is directed to close on the sale in accordance with the Terms and Conditions of Sale approved by the Sale Procedures Order, and such Terms and Conditions of Sale are hereby incorporated into and made a part of this Order.

4. Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are reversed, modified, vacated or stayed by subsequent order of this Court or any other court, such reversal, modification, vacatur or stay shall not affect the validity and the enforceability of any obligation, debt or claim incurred or granted or sale made pursuant to this Order, and notwithstanding any stay, reversal, modification or vacatur of this Order, any sale or other obligation of the parties pursuant to this Order arising prior to the effective date of any such stay, reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

5. The 14-day stay of this order under Bankruptcy Rule 6004(h) is waived, for cause shown, and this Order is effective immediately upon its entry.

6. The Trustee is authorized to execute all documents and take all actions necessary to close on the sale of the Property in accordance with the Terms and Conditions of Sale and this Order.

7. The Trustee (a) is authorized to pay all closing costs, fees, and expenses of the sale, including without limitation the broker commission and fees of MYC & Associates, Inc. ("MYC") as provided in the Order authorizing MYC's retention [doc 171], and to reserve for the Trustee's statutory commission, legal and professional fees, and expenses, at or after the closing from the sale proceeds or as otherwise paid to the Trustee by DB 232 Seigel, LLC (the "Senior

4

Lender") pursuant to the *Stipulation for Claims Allowance and Carve-Out* between the Trustee and the Senior Lender as "so ordered" and approved by the Court [doc. 180] (the "Senior Lender Stipulation"), and (b) is authorized and directed to pay the Allowed Senior Loan Claim (as defined in the Senior Lender Stipulation) in accordance with and subject to the terms and conditions of the Senior Lender Stipulation.

8. This Court shall retain jurisdiction with respect to any dispute under this Order.

Dated: White Plains, New York
March 7, 2022

*/s/Robert D. Drain*
Hon. Robert D. Drain
United States Bankruptcy Judge