JACOBS LAW, P.C.
149 East 23rd Street, PO Box 2057
New York, NY 10010
646-535-1283
Eleazar Jacobs, Esq.
ej@jacobslaw-pc.com
*Counsel to Creditor All Island Masonry & Concrete Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――X
:
In re:                                                          :          Chapter 7
:
    232 Seigel Development LLC,        :          Case No. 20-22844 (RDD)
:
                         Debtors.[1]   :          Jointly Administered
:
―――――――――――――――――――――――X

**MOVANT'S APPLICATION FOR AN ORDER STAYING
THE CLOSING OF THE PROPERTY OR, ALTERNATIVELY,
HOLDING NET PROCEEDS FROM THE PROPERTY SALE IN ESCROW**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      All Island Masonry & Concrete Inc. (the "Movant"), a secured creditor of the above-captioned Debtors, by and through their undersigned counsel, respectfully move this Court for entry of an order staying the closing of the Property located at 232 Seigel Street, Brooklyn, NY 11211 (the "Property") or, alternatively, holding net proceeds from the Property sale in escrow; and in support of this motion (the "Motion"), the Movant respectfully represents as follows:

**PRELIMINARY STATEMENT**

      1.     Movant is the holder of two mechanic's liens against the Property and provided substantial improvements to the Property from July 2016 to September 2019. On March 7, 2022,

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are 232 Seigel Development LLC (0108) and 232 Seigel Acquisition LLC (9782).

this Court authorized the sale of the Property at a public auction, which was held on February 24, 2022, and resulted in the sale of the Property for the meager price of $10,514,327. At this price, only creditors DB 232 Seigel LLC and DB 232 Seigel Mezz LLC[2] will receive any proceeds from the distribution of the Debtors' estate. Movant will receive nothing.

2. Movant was not properly notified of the February 24, 2022 auction and did not have an opportunity to voice its objections or review any of its terms. Moreover, there is an issue with respect to an easement between the Property and an adjacent property which, if resolved, will greatly increase the value of the Property (and, accordingly, Movant would get paid for its back-breaking work). While granting Movant relief at this late stage will result in further litigation and judicial involvement, it is necessary for an equitable outcome and in fairness to all creditors.

3. The following Exhibits are submitted by Movant in support of the Motion:

| | | |
|---|---|---|
| Exhibit A | – | Proposed Order; |
| Exhibit B | – | Movant's Proof of Claim [claim 6-1]; |
| Exhibit C | – | Certificate of Mailing for Notice of 341(a) Meeting of Creditors and Order scheduling Auction [doc. 167 & 181] |
| Exhibit D | – | Trustee's 2/1/2022 motion [doc. 187] |
| Exhibit E | – | Easement [doc. 188-2]; |
| Exhibit F | – | Termination of Easement [doc. 188-1] |
| Exhibit G | – | Debtors' 9/20/2021 motion [doc. 147] |
| Exhibit H | – | Debtors' 9/20/2021 motion [doc. 148] |
| Exhibit I | – | Debtors' 9/14/2021 letter [doc. 145] |
| Exhibit J | – | Affidavits of Toby Moskovits & Abraham Leifer [doc. 148-6 & 148-5] |

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(a)-(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] DB 232 Seigel LLC and DB 232 Seigel Mezz LLC are owned in whole or in part by Fortress Group LLC, and will hereinafter together be referred to as "Fortress."

## RELIEF REQUESTED

5. By this Motion, Movant seeks entry of an order staying the closing of the Property or, alternatively, holding net proceeds from the Property sale in escrow.

6. Although Movant seeks the relief requested herein pursuant to this Motion, if the Court determines that an adversary proceeding is required this Motion should be deemed to constitute a complaint and the matter treated as an adversary proceeding pursuant to Bankruptcy Rule 7001, without the requirement of refiling pursuant to Bankruptcy Rule 7003, and without any prejudice to the Movant.

## RELEVANT FACTS

7. Movant is a contractor that provided construction services and materials to improve the Property from July 2016 to September 2019. *See* Exh. B.

8. On June 14, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

9. On September 28, 2020, Movant filed its claim for $2,322,145.53. *Id*.

10. By Order dated October 15, 2021 [doc. 160] (the "Conversion Order"), the Court converted the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.

11. On October 18, 2021, Howard P. Magaliff was appointed Chapter 7 trustee [doc. 161] (the "Trustee").

12. By Order dated November 19, 2021 [doc. 174], the Court, *inter alia*, scheduled the auction sale of the Debtors' Property (the "Auction") for February 3, 2022.

13. On December 15, 2021, the Court so-Ordered a stipulation [doc. 180] for claims allowance and carve-out in favor of Fortress.

14. By Order dated February 2, 2022 [doc. 189], upon the Trustee's application, the Auction was adjourned to February 24, 2022, with a closing date of March 21, 2022.

15. On February 24, 2022, the Auction was conducted and the Property was sold to Abraham Leifer for $10,514,327. *See* doc. 192 for auctioneer's report of sale filed March 2, 2022.

16. By Order dated March 7, 2022 [doc. 194], the Court authorized the sale of the Property to Leifer.

17. On March 8, 2022 and March 9, 2022, the Trustee filed applications for the examination of Toby Moskovits, Yechiel Michael Lichtenstein, Moseh Dov Schweid, Bank of America, and JPMorgan Chase Bank, N.A., together with subpoenas for documents from all of the aforementioned parties [doc. 195-197] (the "Subpoenas"); which were all granted [doc. 198-200].

**ARGUMENT**

**I. The Court Should Stay the Sale of the Property Or, Alternatively, Hold Net Proceeds in Escrow.**

**A. Movant Did Not Have Notice of The Auction Sale.**

18. When Movant filed its claim on September 28, 2020, its address was listed as P.O. Box 767, Centereach, NY 11720 and the address specifically provided for notice was to Ortiz and Ortiz, LLP at 3510 Broadway, Suite 202, Astoria, NY 11106. *See* Exh. B.

19. Neither of these addresses were utilized in the Chapter 7 proceedings. Instead, all material correspondence (such as the notice of creditors meeting, notice of presentment of the stipulation for claims allowance, and notice of the Auction itself) was improperly sent to 16 Wanda Terrace, Farmingville, NY 11738. *See* Exh. C.

20. As such, Movant should have an opportunity to review and object to the Auction/claims allowance and be permitted to interpose a late claim or objection.

**B. The Easement Issue Is Unresolved.**

21. As more fully set forth in the Trustee's February 1, 2022 application to adjourn the Auction [doc. 187], the Property had an easement agreement (the "Easement") that granted a right of access over an adjacent property that was necessary to enable a hotel to be built on the Property. This Easement was then terminated in December 2019. *See* Exh. D, Exh. E, and Exh. F.

22. As the Trustee themselves said:

> "There is no question that having the Easement will greatly enhance the attractiveness of the Property to bidders and increase the value that can be obtained for creditors. Without the Easement, the Property would appear to have value only to the Senior Lender, which also holds the mortgage on the adjourning property at 215 Moore Street whose owner must grant the Easement." [Exh. D at ¶10]

23. There is no dispute that the Property is far more valuable with the Easement than without. There is also no dispute that, without an Easement, only one creditor (the Senior Lender) will get paid.

24. The Trustee has a duty to serve the best interests of creditors and realize the maximum return for the bankruptcy estate for further distribution to the Debtors' creditors. *See* In re Balco Equities Ltd., Inc., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) (*internal cites omitted*):

> "A Chapter 7 trustee is charged with the duty to collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest. As an officer of the Court and as a representative of the Debtor's creditors, the Trustee has a duty to realize the maximum return for the estate for further distribution to the Debtor's creditors…Section 365 of the Bankruptcy Code authorizes the trustee to assume or reject executory contracts, enabling the trustee to maximize the value of the debtor's estate by assuming executory contracts...that benefit the estate and rejecting those that do not."

25. In circumstances like these, the Trustee's rejection of a contract to purchase Debtors' Property, so as to allow Trustee to sell the Property for a substantially higher amount is warranted, particularly where, absent rejection, there is no chance the unsecured creditors would receive a dividend. *Id*.

26. Where, as here, there is an opportunity to maximize returns on the Debtors' estate and get additional creditors paid, the Court should stay the sale of the Property and give the parties

every chance to fight for the reinstatement of this Easement. The prejudice to the Senior Lender is minimal compared to the prejudice to parties such as the Creditor that stand to lose millions.

        **C.**        **The Creditor Misconduct Issue Is Unresolved.**

27.        On September 20, 2021, Adam H. Friedman, counsel for Debtors, filed a motion to, *inter alia*, disallow or reduce Fortress' claims and equitably subordinate their interest. *See* Exh. G & Exh. H. According to a letter e-filed by Debtors' counsel, Debtors were investigating the facts and circumstances concerning the assignment of loans to Fortress and their intentional interference with two sales of the Property by Debtors. *See* Exh. I. They alleged inequitable conduct by both Fortress and its predecessor that directly caused Debtors to file for bankruptcy. The letter also stated that Debtors' counsel expected to receive key discovery in mid-October.

28.        Unfortunately, those expectations never came to fruition because this matter was converted to a Chapter 7 proceeding on October 15, 2021 and the Debtors' September 20, 2021 motion was thereafter discontinued with prejudice by the Trustee [doc. 180]. As such, the Court never ruled on this issue.

29.        If the allegations are true, the senior lender should not profit off its misconduct and be the sole recipient of proceeds from Debtors' estate. These allegations are supported by documentary evidence [doc. 148] and credible affidavits from Debtors' principal, Toby Moskovits [doc. 148-6], and the third-party purchaser, Abraham Leifer [doc. 148-5], who also happens to be the winning bidder of the Auction! *See* Exh. I & Exh. J.

30.        If the Property was sold for $18 million to Leifer in December 2019 without Fortress' interference, Movant would have been paid off in full. Instead, the Property was sold years later to the same buyer for just over $10 million, once the additional accumulated interest to Fortress swallowed up the entirety of Movant's claim.

## NOTICE

31.     The Movant has requested a hearing date of March 17, 2022 to consider this Application on an emergency basis. The Movant will give notice of this Application and the hearing by email to counsel for the Trustee, Senior Lender, the United States Trustee and the Debtors and submits that under the circumstances such notice is sufficient. Bankruptcy Rule 9007 authorizes the Court generally to regulate the entities to whom notice must be given and the form and manner of notice. The Movant respectfully requests that the Court approve the scheduled hearing and notice.

## NO PRIOR REQUEST

32.     No prior request for the relief sought herein has been made by Movant to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Movant respectfully requests that this Court enter an order, substantially in the form attached hereto, and granting such other and further relief as is just and proper.

Dated:  New York, New York
        March 17, 2022

Respectfully submitted,

*Eleazar Jacobs*
_____
Eleazar Jacobs, Esq.
JACOBS LAW, P.C.
*Counsel to Secured Creditor*
*All Island Masonry & Concrete Inc.*
149 East 23rd Street, PO Box 2057
New York, NY 10010
646-535-1283
ej@jacobslaw-pc.com